10-20062.mem

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-20062-CIV-BROWN
**CONSENT CASE**

ANGELA J. VOLLMAN,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## ORDER DENYING MOTION

**This matter** is before the Court on Plaintiff's Rule 60(b)(2) Motion for Relief from Order Granting Summary Judgment and Final Judgment Pending Appeal, With Request for Court to Issue a Memorandum Setting Forth Inclination to Grant Plaintiff's Rule 60(b)(2) Motion and Plaintiff's Renewed Motion to Reopen Discovery on the Issue of Prior and Subsequent Substantially Similar Incidents (D.E. 86). The Court has reviewed the Motion, the Response and the Reply, and is otherwise fully advised.

In order for this Court to grant Plaintiff relief based on newly discovered evidence, the evidence must, *inter alia*, be "material," and must "be such that the new trial would probably produce a new result." Waddell v. The Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000)). Plaintiff is correct that the existence of prior "similar" incidents may be relevant to the issues of notice, magnitude of the danger involved, ability to correct a known defect, lack of safety for

1

intended uses, standard of care, causation and/or notice of design defect. See Borden, Inc. v. Florida E. C. R. Co., 772 F.2d 750, 754 (11th Cir. 1985). However, the Court finds that even were the Court to consider the two incident reports discussed in the Amended Declaration of David Banciella, the result would be the same.[1]

In its prior Order, this Court addressed the issue of notice when it stated that "there is no evidence on this record that Defendant should have anticipated any 'harm' which might be caused by the guardrail in that there is no evidence that any prior passenger on the Navigator of the Seas had been harmed by the existence of the guardrail during the Quest." Order. p. 8. The Court's comment was made relative to Plaintiff's cited case of Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309 (Fla. 1986), a negligence action brought against the racetrack owner by a jockey who was injured when his horse veered across the race course and toward an exit gap, which was found to have been negligently placed.[2] Although in the instant case, the incident reports at issue may show that prior Quest participants were "harmed" due to the existence of the guardrail, that does not end the inquiry, in that the Ashcroft court further stated:

> A landowner who assumes the task of providing the physical facility upon which a sport is to be played has a duty to exercise reasonable care to prevent foreseeable injury to the participants that includes foreseeing that they may risk a known danger in order to participate. If injury occurs due to negligent maintenance of the facility, the landowner may be held liable.

Id. at 1312.

There is no evidence that Plaintiff Vollman's injury occurred due to any negligent

---

[1] Accordingly, the Court need not address the other criteria for relief under Rule 60(b)(2).

[2] The Ashcroft court cited to the Restatement (Second) of Torts §343A (1965), which states that a landowner is not liable to invitees for physical harm caused by "any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" 492 at 1312. (emphasis added).

2

maintenance on the part of Defendant. Indeed, Plaintiff does not suggest that the incident reports will show any defect with the railing itself, or that the railing was negligently placed. Rather, Plaintiff argues that the "dangerous condition" was "the operation of the Quest game vis a vis the railing and its propensity to cause injury" (Mot. p. 8) and that the incident reports placed Defendant on notice of this "condition."

Even if the passengers in the incident reports at issue chose to climb the rail because of the way the Quest was operated, there is no evidence that Plaintiff Vollman did so, as noted in this Court's prior Order. There is no evidence that any representative of defendant informed Plaintiff that performing in a faster time was the object of the game, or that any representative of Defendant told her to climb over the rail, or encouraged her to do so in order to be the fastest. Moreover, even if Defendant were on notice that some passengers choose to take that route to get to the floor, this does not change the fact that any "danger" involved is open and obvious to those passengers, as well as to Plaintiff.

This case really addresses the question - "how far does one have to go to protect us from ourselves"? Plaintiff would have Defendant issue warnings such as "don't climb over guardrail." How about "don't climb over seats", or "don't run," etc., etc.? The irony of this case is that Plaintiff would have Defendant held liable for failure to warn of the danger of a guard rail - which presumably was in place to protect against a real danger - the potentially unseen drop in floor level.[3]

Finally, even assuming that Defendant created an atmosphere in which passengers believed

---

[3] As noted in this Court's prior Order, it could be argued that access to the floor was made more safe by the existence of the guardrail, in that it served as a barrier and prevented a "mass" of people from charging the floor at one time, or from injuring themselves by jumping to the floor.

that speed was the object of the game, Plaintiff does not succeed. Taken to its logical extreme, Plaintiff would argue that the promoter of a race would be required to warn racers of the existence of obvious curbs or barricades, which racers might choose to navigate and injure themselves. As the Court noted in Ashcroft in the context of contact sports, "[w]hen a participant volunteers to take certain chances he waives his right to be free from those bodily contacts inherent in the chances taken." 492 So. 2d 1309 (quoting Kuehner v. Green, 436 So. 2d 78, 80 (Fla. 1983) (citation omitted)). In this case, Plaintiff took a chance by choosing to climb over an obvious guard rail, and injured herself in the process. Defendant should not be made to pay for Plaintiff's unfortunate but completely knowing and voluntary choice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Rule 60(b)(2) Motion for Relief from Order Granting Summary Judgment and Final Judgment Pending Appeal, With Request for Court to Issue a Memorandum Setting Forth Inclination to Grant Plaintiff's Rule 60(b)(2) Motion and Plaintiff's Renewed Motion to Reopen Discovery on the Issue of Prior and Subsequent Substantially Similar Incidents (D.E. 86) is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of May, 2011.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record